XV.     **PROPOSED FINDINGS AND CONCLUSIONS.**

Not applicable.

XVI.    **TRIAL TIME.**

Plaintiff estimates two days for case in chief.
Defendant estimates two days for case in chief.

XVII.   **FURTHER PROCEEDINGS.**

XVIII.  **ELECTION FOR TRIAL BY MAGISTRATE.**

The defendant will accept a trial by a magistrate with an appeal to be heard by the court of appeals.

                                        THE PLAINTIFF,
                                        JAMES F. ROGERS

                                By: _____

                                        THE DEFENDANT,
                                        FIRST UNION NATIONAL BANK

                                By: _/s/ Michael N. Lavelle_____
                                        MICHAEL N. LAVELLE  CT 06170
                                        Pullman & Comley, LLC
                                        850 Main Street, P.O. Box 7006
                                        Bridgeport, CT 06601-7006

16

XV.     **PROPOSED FINDINGS AND CONCLUSIONS.**

   Not applicable.

XVI.    **TRIAL TIME.**

   Plaintiff estimates two days for case in chief.
   Defendant estimates two days for case in chief.

XVII.   **FURTHER PROCEEDINGS.**

XVIII.  **ELECTION FOR TRIAL BY MAGISTRATE.**

   The defendant will accept a trial by a magistrate with an appeal to be heard by the court of appeals.

                                    THE PLAINTIFF,
                                    JAMES F. ROGERS

                                By: *[signature: Rene G. Boyer]*

                                    THE DEFENDANT,
                                    FIRST UNION NATIONAL BANK

                                By: _____
                                    MICHAEL N. LAVELLE  CT 06170
                                    Pullman & Comley, LLC

15

Juris #47892   (203) 330-2000

Attachments

## CERTIFICATION

    This is to certify that a copy hereof was mailed, postage prepaid, on the date hereon to:

Reine Boyer, Esq.
Law Offices of Reine C. Boyer
111 Prospect Street, Suite 400 Stamford, Connecticut  06901
telephone (203) 967-4422
facsimile (203) 967-8822

_____<br>
MICHAEL N. LAVELLE

BPRT/58570.1/MNL/482336v1

17

## Defendant's Proposed Jury Instructions

1. In this case, the defendant, formerly First Union and now Wachovia National Bank, is a corporation. In the eyes of the law, a corporation is a person and is entitled to the same fair trial as an individual. Considerations of the size of the defendant or its financial position have no place in the trial. The case is not to be decided on the basis of relative size or wealth. All parties stand equal under the law and are to be dealt with as equals in a court of justice.

2. The plaintiff, Mr. Rogers, claims that the defendant, First Union, declined on two occasions to offer him suitable positions because of his age, in violation of the Age Discrimination in Employment Act – a federal statute enacted by Congress, and the Connecticut Fair Employment Practices Act - a similar state anti-discrimination statute.

The fact that Mr. Rogers has brought this suit does not mean that he has suffered the wrong he claims. Under our system of open access to courts, any person who wishes to sue an employer for age discrimination may do so by filing a complaint here in the clerk's office and any such person may demand a jury trial, which under the Constitution a person is entitled to request. Accordingly, you may not attach any weight to the mere fact that allegations of wrongdoing have been made and a trial is being held.

The Age Discrimination in Employment Act, or ADEA for short, makes it unlawful for an employer to discriminate against an employee who is forty years of age or older because of the employee's age. The purpose of the ADEA is to prevent employment discrimination based on age. The ADEA does not require an employer to give special or favorable treatment to employees who are forty years of age or older. Rather, the ADEA

requires employers to make employment decisions without regard to age. In other words, under the ADEA, the age of an employee is to have neutral status.

To prevail on his claim under the ADEA, Mr. Rogers must prove by what we call a preponderance of the evidence – a phrase I will define for you momentarily – that the defendant, First Union, decided not to offer him these positions because of his age, in violation of the ADEA. Mr. Rogers cannot prevail unless he persuades you that his age was a motivating factor in the defendant's decision with respect to his employment. A motivating factor is a factor that made a difference in the defendant's decision. Thus, to prove that his age was a motivating factor, the plaintiff must show that he would have been offered one or both of these positions except for his age.

It is up to you to decide, based on all the evidence that has been presented by both sides, whether Mr. Rogers has proven by a preponderance of the evidence that his age was a motivating factor in the defendant's decision not to offer the positions he sought. As I will explain later in more detail, a preponderance of the evidence means evidence that persuades you that the plaintiff's claim is more likely true than not true.

Age may be one of a number of factors that motivates an employer's decision. Accordingly, Mr. Rogers does not need to prove that his age was the only factor that motivated the defendant's decision on his application for a new position. Nor does he need to prove that the defendant discriminated against other older employees. However, he must prove that his age was a motivating factor in the defendant's decision not to offer these positions.

The plaintiff is not required to produce direct evidence that these positions were withheld because of his age. Rather, it is a fact that may be inferred from the existence of other facts – that is, it may be proven through what we call circumstantial evidence. As I will explain

2

later in more detail, direct evidence is direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence, on the other hand, is proof of a chain of circumstances from which you can infer or conclude that a fact exists, even though it has not been proven to you directly. The law makes no distinction between these two kinds of evidence.

In determining whether the defendant discriminated against the plaintiff based on age, you may consider whether the reasons offered by the defendant for its decisions are believable, or whether they are a pretext or cover-up for what in truth is age discrimination. The plaintiff is not required to prove that all the reasons given by the defendant for terminating his employment are false or that none of them played a role in the decision to terminate his employment. However, the plaintiff must prove that they were not the only reasons that motivated the defendant's decision and that his age was a motivating factor in the defendant's decision on his employment.

Under the ADEA, an employer may decline to offer a job to an employee even though he is forty years of age or older as long as it does not discriminate against him based on age. Moreover, in the absence of an employment contract – and there's no evidence of an employment contract in this case – the law does not require employers to show good cause for failing to select an employee for promotion. Rather, an employer may decline to select an employee who is forty years of age or older for good reasons, bad reasons, or even for no reason at all, as long as its decision is not based on the employee's age.

It is not your role to second guess the soundness of legitimate personnel decisions made by First Union. Nor is it your role to decide whether First Union treated Mr. Rogers fairly or unfairly. You cannot find in favor of the plaintiff just because you feel sorry for him, or to reward him for past services, or because of some general feeling that he deserved better

3

treatment. Your sole responsibility is to decide whether the defendant withheld these two positions because of the plaintiff's age.

3. You will hear evidence that First Union used a selection process known as Future Bank Initiative, or FBI, which consisted in part of 4 test components that were used to compute an average overall score. In prior legal proceedings in this case, the court has determined that the FBI tests did not have a disparate impact on older candidates. This means you cannot make a finding of age discrimination based on the FBI test components themselves. To make a finding of age discrimination you must find that First Union acted intentionally to deny the plaintiff a position because of his age.

In summary, in order to prove his age discrimination claim, the plaintiff must show that his age was a motivating factor in the defendant's decision about his employment. If you find that the plaintiff has sustained his burden, you must return a verdict in his favor. If, on the other hand, you find that the plaintiff has not proven that his age played a role in the defendant's decision, then you must return a verdict in favor of the defendant.

4. If you find that the plaintiff has proven his claim that the defendant withheld at least one of these positions because of his age, in violation of the Age Discrimination in Employment Act, the other issue you will need to decide is whether the defendant's violation of the ADEA was willful. In many cases, the jury is asked to decide not only whether the defendant violated the law, but also the amount of damages that should be awarded to the plaintiff for the violation. In this case, you are not going to be asked to decide any issues relating to damages. If you find in favor of the plaintiff on his claim that the defendant terminated his employment, in violation of the ADEA, then I will make an award of damages.

There is, however, the issue of willfulness that you will need to reach if indeed you find that the plaintiff has proven his basic claim that these positions were withheld from him in violation of this law. The fact that I am instructing you on the issue of willfulness does not mean that I think you should reach the issue in your deliberations. I am instructing you on the issue so that you will know the applicable law in the event that you do reach the issue in your deliberations. Whether you should or should not reach the issue is entirely up to you.

A violation of the ADEA is willful if the employer either knows that its conduct violates the ADEA or shows reckless disregard for whether its conduct violates the ADEA. A violation is willful if it is done recklessly or intentionally and not by accident, inadvertence or ordinary negligence. If you find that the defendant's alleged violation of the ADEA was willful, then I will award an additional sum of money to the plaintiff.

Again, a violation of the ADEA is willful if the employer either knows that its conduct is prohibited by law or shows reckless disregard for whether its conduct is illegal. Accordingly, to determine whether the alleged violation was willful, ask yourselves whether the defendant either knew that its decision not to give the plaintiff the position he sought violated the ADEA or whether it showed reckless disregard for whether the decision violated the ADEA.

5.   I have instructed you about the plaintiff's allegations, and I've told you about the ADEA, and I've explained what the plaintiff has to prove in order to prevail. I now want to give you some instructions about your deliberations.

You will have with you in the jury room a verdict form that sets the issues out in writing. The verdict form is meant to be straightforward, and I ask you to please review it with me now.

Because Mr. Rogers applied for positions at two different times, we have two counts to his complaint. There is the FBI application process in March 1998, and the position of Financial Specialist Sales Leader that became open in May, 1998.

The verdict form bears the name of the court, and the name of the case, and the case number. And it states: We the Jury unanimously find as followings:

1. Has the plaintiff proven by a preponderance of the evidence that the defendant terminated his employment because of his age in violation of the Age Discrimination in Employment Act:

A. In the FBI selection process ending in March 1998? _____

B. In the Financial Specialist Sales Leader selection process in May, 1998? _____

You are asked to answer each question yes or no.

If your answer to either question is "yes," we ask you to go on to the next question. If, on the other hand, your answers are "no," you will have completed your deliberations.

The next question, Number 2, asks "Has the plaintiff proven by a preponderance of the evidence that the defendant's violation of the Age Discrimination in Employment Act was willful?

And here again you're asked to answer that question, in the event you reach it, "yes" or "no."

There are no other issues for you to decide.

BPRT/58570.1/MNL/481980v1

6

## Plaintiff's Proposed Jury Instructions

1. <u>Lawyer's Objections and Rulings</u>

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by the court. You should not show any prejudice against the attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

2. <u>Duties of the jury</u>

It is your duty to find the facts from all the evidence in the case. To the facts as you find them, you must apply the law as I give it to you. You must follow the law as I give it to you, whether you agree with it or not.

3. <u>Burden of Proof</u>

As I said before, plaintiff must prove his case by a preponderance of the evidence. This rule does not require proof to an absolute certainty. Proof to an absolute certainty is seldom possible in any case. This rule does not even require proof "beyond a reasonable doubt," the rule in criminal cases. In a civil case, such as this, you must weigh the evidence in support of a particular claim against the evidence opposed to it and consider

which evidence is more convincing. To prove a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.

To determine whether the plaintiff has proven his claim by a preponderance of the evidence, ask yourselves how all the credible evidence would balance if you placed it on an imaginary pair of scales. If you find that all the credible evidence presented by both sides on the plaintiff's ADEA claim cause the scales to strike a balance or tip in favor of the defendant, then the plaintiff will have failed to meet his burden of proof and you will have to return a verdict for the defendant. On the other hand, if you find that the credible evidence causes the scales to tip in favor of the plaintiff, then he will have met his burden of proof.